UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| GREG LEE DUGAS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:10CV0003 SNLJ |
| ROGUE GOVERNMENT AGENTS AND AGENCIES, et al., | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Greg Dugas (registration no. 1205909), an inmate at Wallens Ridge State Prison in Virginia, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.71. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.53, and an average monthly balance of $1.70. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.71, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff, a prisoner in the State of Virginia, attempts to bring this action under several federal criminal statutes, RICO, the Federal Travel Act, the United States PATRIOT Act, the "Enemy Combatant Doctrine," the Posse Comitatus Act, and 42 U.S.C. § 1983. Defendants are primarily fictitious parties, such as "Rogue Government Agents and Agencies Systematically Abusing the Patriot Act as a Pretext for Paramilitary Buildup on American Soil and to Violate the Enemy Combatant Doctrine." Named defendants include Mike Bone, a Carter County Sheriff's Deputy, Maxwell Unknown, An Arkansas State Trooper, and Tommy Greenwell, Sheriff of Pemiscot County, Missouri. The complaint seeks to impose criminal sanctions against defendants and an injunction enjoining officials of Pemiscot County from prosecuting him in the future.

## Discussion

At the outset, the Court notes that, in general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of the fictitious parties to be ascertained after reasonable discovery. These fictitious defendants are both unidentified and indeterminate in number. This is not permissible. See Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

To the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. E.g., Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

Additionally, the request for injunctive relief against officials of Pemiscot County is meritless. To determine whether preliminary injunctive relief is warranted,

the Court must balance the threat of irreparable harm to movant, the potential harm to the nonmoving party should an injunction issue, the likelihood of success on the merits, and the public interest. Dataphase Sys. v. CL Sys., 640 F.2d 109, 113-14 (8th Cir. 1981) (en banc). Plaintiff's allegations of future harm are delusional and factually frivolous. And plaintiff has not demonstrated that he is likely to succeed on the merits of his claim.

Finally, plaintiff's allegations throughout the complaint are delusional, e.g., plaintiff's allegations that he has been treated as an "enemy combatant" by several state agencies. As a result, the allegations are factually frivolous pursuant to Denton, 112 S. Ct. at 1733.

For these reasons, the Court finds that this action is both legally and factually frivolous under 28 U.S.C. § 1915(e). The complaint will therefore be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.71 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include

upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of February, 2010.

                        STEPHEN N. LIMBAUGH, JR.
                        UNITED STATES DISTRICT JUDGE